IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE HOPKINS, | ) | CASE NO. 3:12 CV 1950 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| EDWARD SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the *pro se* petition of Maurice Hopkins for a writ of habeas corpus under

28 U.S.C. § 2254.[2] Hopkins was convicted by an Erie County Ohio Court of Common Pleas

jury in 2010 of a series of counts related to burglary, assault, and weapon possession[3] and is

serving 34 years.[4] He is currently incarcerated at the Toledo Correctional Institution in

Toledo, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge John R. Adams by non-document order dated November 27, 2012.

[2] ECF # 1.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.* accord (Hopkins's place of incarceration was verified at drc.ohio.gov maintained by the Ohio Department of Rehabilitation and Corrections).

Hopkins raises three grounds for relief.[6] The State has filed a return of the writ arguing that the petition should be dismissed in part because Grounds Two and Three are procedurally defaulted and denied in part because Ground One lacks merit.[7] Hopkins has filed a traverse.[8]

For the reasons that following, I will recommend Hopkins's petition be dismissed in part and denied in part.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

In November 2009, Chris Brown, who resides in Sandusky, Ohio,[10] found two armed men after answering a knock at his door.[11] The men attempted to forcibly enter Brown's residence[12] and a fray ensued. Mr. Brown and his father prevented the assailants from

---

[6] *Id.* at 6, 8, and 9.

[7] ECF # 9.

[8] ECF # 12.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 9-1 at 663.

[11] *Id.*

[12] *Id.*

entering the residence.[13] During the fight, Hopkins shot at Brown[14] but shot himself in the hand instead.[15] At this point the two assailants fled.[16] The police arrived later and recovered six .45 caliber bullets[17] as well as all physical evidence.[18] The victims later identified Hopkins in a photo lineup.[19] In December Hopkins was found hiding at his brother's residence[20] with a gunshot wound consistent to having shot himself in the hand.[21] It was found upon testing that Hopkins's DNA matched blood recovered from the scene.[22] Following arrest he bragged in telephone calls made in prison about his role in the events[23] as well as disclosing such to his fellow inmate.[24] Hopkins was indicted in January of 2010[25]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 664.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

by an Erie County Grand Jury[26] of counts relating to aggravated burglary, assault, and possession of a weapon.[27] With this the Grand Jury also attached three fire arms specifications and a repeat violent offender determination.[28] Upon this indictment, Hopkins was released on house arrest[29] and the following day fled the jurisdiction.[30] Hopkins was subsequently arrested in Elyria, Ohio,[31] in possession of more weapons.[32] He was indicted in March for escape[33] and subsequently indicted in April 2010 on two additional counts of having weapons under disability.[34] Following this, the prior case was conjoined with the newly arisen case for trial purposes.[35] A jury found Maurice Hopkins guilty of all pending charges in May[36] with a sentencing of 34 years following in June.[37]

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 665.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

-4-

## B.  Direct Appeal

### 1.  *Ohio Court of Appeals*

Represented by new counsel,[38] Hopkins filed a timely[39] notice of appeal[40] with the

Ohio Court of Appeals. In his brief, Hopkins filed 15 assignments of error:[41]

     1.     It was error for the Court to deny Appellant's motion to dismiss based on speedy trial grounds.[42]

     2.     It was an error of law for the RVO specification to be tried to the jury.[43]

     3.     The evidence as to the count of Having a Weapon Under Disability in Case No. 2009-CR-520 was insufficient and contrary to law.[44]

     4.     A Rule 29 Motion to Acquit should have been granted with reference to Appellant Having a Weapon Under Disability in Case No. 2010-CR-088.[45]

---

[38] Hopkins was represented at trial by attorney Beverly Hancock, *see*, (ECF # 1 at 14), and in the appeal to State Appeals Court by Benjamin Chapman.

[39] Judgment filed June 1, 2010 (ECF # 9-1 at 661) and the notice of appeal was filed on June 30, 2010 (*id.* at 31). *See*, Ohio App. Rule 4(A) (appeal must be filed within 30 days of a judgment's entry).

[40] ECF # 9-1 at 31.

[41] *Id.* at 32.

[42] *Id.* at 46-54.

[43] *Id.* at 55-60.

[44] *Id.* at 61-66.

[45] *Id.* at 67-75.

-5-

5.    The Court's finding that the Appellant is a Repeat Offender must be reversed based on insufficient evidence.[46]

6.    It was plain error for the Court to not grant a Rule 29 Motion as to the count of Having a Weapon Under Disability in Case No. 2009-CR-520.[47]

7.    The Prosecutor's improper comments to the jury constituted plain error and denied the Appellant a fair trial.[48]

8.    It was plain error for the trial counsel to not file a Rule 12 pre-trial Motion to Dismiss 2010-CR-088.[49]

9.    It was error for Court to sentence Defendant under the mandatory provision of the RVO Statute (2929.14).[50]

10.   It was error of the Court to deny the Appellant his right to call witnesses to testify on his behalf.[51]

11.   The convictions should be reversed based upon ineffectiveness of counsel.[52]

12.   The cumulative effects of the errors deprived the Appellant of his Constitutional right to a fair trial.[53]

---

[46] *Id.* at 75-82.

[47] *Id.* at 83-89.

[48] *Id.* at 90-101.

[49] *Id.* at 102-08.

[50] *Id.* at 109-11.

[51] *Id.* at 112-15.

[52] *Id.* at 116-18.

[53] *Id.* at 119-22.

13.     The jury verdicts were against the weight of the evidence.[54]

14.     It was error for the trial Court to deny Appellant's Motion for Mistrial.[55]

15.     It was error for the trial Court to allow the audio tapes from the jail to be played for the jury.[56]

The State filed a brief in response.[57] The Ohio appeals court overruled all 15 assignments of error and affirmed the decision of the trial court.[58]

## 2.     *The Supreme Court of Ohio*

Represented again by new cousel,[59] Hopkins thereupon filed a timely[60] notice of appeal with the Ohio Supreme Court.[61] In his brief in support of jurisdiction, he raised one proposition of law:

---

[54] *Id.* at 123-29.

[55] *Id.* at 130-31.

[56] *Id.* at 132-34.

[57] *Id.* at 551.

[58] *Id.* at 693-704.

[59] Hopkins was represented at appeal to State Appeals Court by attorney Benjamin Chapman, *see*, ECF # 1 at 14, and in the appeal to the State Supreme Court by Terrence Scott. *Id.*

[60] The appellate court decision was entered November 10, 2011 (ECF # 9-1 at 661) and the notice of appeal filed at the Ohio Supreme Court on December 19, 2011 (*id.* at 667). A notice of appeal is timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) if filed within 45 days of entry of the judgment from which appeal is sought.

[61] *Id.* at 667.

The trial court committed reversible error when it allowed the repeat violent offender specification determination to be performed by the jury in contravention to R.C. 2941.149.[62]

**C.     Petition for writ of habeas corpus**

On July 27, 2012, Hopkins, *pro se*, timely filed[63] a federal petition for habeas relief.[64]

As noted above, he raises three grounds for relief:

> 1.     Petitioner Hopkins was denied his 5th and 14th Amendment Constitutional guarantee to due process.[65]
>
> 2.     Petitioner Hopkins was denied his 6th Amendment Constitutional guarantee to a speedy trial.[66]
>
> 3.     Petitioner Hopkins was denied his 6th Amendment Constitutional guarantee to effective assistance of counsel.[67]

## Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

---

[62] *Id.* at 685.

[63] The present petition for federal habeas relief was filed on July 27, 2012 (ECF # 1). As such, it was filed within one year of the conclusion of Hopkins's direct appeal, which was filed on March 7, 2012 (ECF # 9-1 at 722), in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[64] ECF # 1.

[65] *Id.* at 6.

[66] *Id.* at 8.

[67] *Id.* at 9.

1.      There is no dispute that Hopkins is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[68]

2.      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[69]

3.      In addition, Hopkins states,[70] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[71]

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[72]

5.      Finally, Hopkins has not requested the appointment of counsel,[73] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[74]

---

[68] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[69] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[70] *See*, ECF # 1 at 6.

[71] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[72] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[73] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[74] 28 U.S.C. § 2254(e)(2).

**B.    Standards of review**

*1.    Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[75]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

> (1)    Does a state procedural rule exist that applies to the petitioner's claim?

> (2)    Did the petitioner fail to comply with that rule?

> (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

> (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[76]

---

[75] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[76] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[77]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[78] In addition, a showing of actual innocence may also excuse a procedural default.[79]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[80] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[81] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[82]

---

[77] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[78] *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

[79] *Id.*

[80] *Id.* at 753.

[81] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[82] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-11-

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[83] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[84]

## 2.    AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[85]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[86] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[83] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[84] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[85] 28 U.S.C. § 2254(d).

[86] *Williams v. Taylor*, 529 U.S. 362 (2000).

differently than this Court has on a set of materially indistinguishable facts."[87] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[88]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[89] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[90]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[91] and "highly deferential" to the decision of the state court.[92] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

---

[87] *Id*. at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[88] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[89] *Williams*, 529 U.S. at 411.

[90] *Id*. at 409.

[91] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[92] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

decision."[93] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[94]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[95]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[96] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[97] In such circumstances, the federal habeas court must give deference to the decision of the state court.[98]

---

[93] *Richter*, 131 S. Ct. at 786.

[94] *Id.* at 786-87.

[95] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[96] *Richter*, 131 S. Ct. at 784-85.

[97] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[98] *Brown*, 656 F.3d at 329.

-14-

**C.**     **Application of standards – Grounds Two and Three should be dismissed as procedurally defaulted because the petitioner failed to further pursue those claims in his direct appeal to the Ohio Supreme Court.**

Hopkins claims in Ground Two that he was denied the right to a speedy trial. He further claims in Ground Three that his trial counsel was ineffective in a multitude of ways.[99] Upon his appeal to the Erie County Court of Appeals, Hopkins presented both claims[100] but failed to present either claim to the Ohio Supreme Court.[101] Hopkins only presented one claim, that being ground one, to the Ohio Supreme Court[102] and thus abandoned 14 other claims that had been presented to the appeals court.[103] These claims are, therefore, procedurally defaulted and need not be reviewed by this federal court.

When a state argues that a habeas claim is precluded by the petitioner's failure to observe a state procedural rule, the federal court must go through a complicated analysis.[104] First it must determine if there is a state procedural rule applicable to the petitioner's claim and if the petitioner failed to comply with the rule.[105] Secondly, the court determines whether the state courts actually enforced the state procedural sanction. This is satisfied if the

---

[99] ECF # 1 at 8, 9.

[100] ECF # 9-1 at 43, 44.

[101] *Id.* at 685.

[102] *Id.*

[103] *Id.* at 43, 44.

[104] *See*, *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

[105] *Id.*

petitioner did not present the claim at all.[106] Third, the court determines whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.[107] Once the court determines that a state procedural rule furnished an adequate and independent state ground and that it was not complied with, then the petitioner must demonstrate that there was cause for him to not follow the procedural rule and that he was actually prejudiced by the proposed constitutional error.[108]

As it pertains to this case, Hopkins has failed to present Grounds Two and Three to the Ohio Supreme Court. In relation to the first determination, Ohio has a procedural rule that requires that claims be presented at the first opportunity, lest they be waived and barred by *res judicata*.[109] Hopkins did not present his claims, other than Ground One, at all to the Ohio Supreme Court[110] thereby causing the default to occur rather than it being required to be enforced by the court. The Ohio doctrine of *res judicata*, the procedural rule that applies in this case, has long been held to be an adequate and independent state procedural rule upon which the State may rely to foreclose review of a federal claim.[111] Furthermore, Hopkins has

---

[106] *Id.*

[107] *Id.*

[108] *Id.*

[109] *See*, *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967).

[110] ECF # 9-1 at 685.

[111] *See*, *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002).

-16-

made no attempt to demonstrate any cause or prejudice that would prevent this procedural bar. Finally, there is nothing that appears in the record to suggest that his default should be excused for cause and prejudice or avoid a manifest injustice. Thus Hopkins's claims in Grounds Two and Three are procedurally defaulted.

**D.    Ground One should be denied after AEDPA review**

In his first ground for relief, Hopkins contends that he was denied a fair trial when the question of whether he was a repeat violent offender was submitted to the jury and not resolved by the trial court.[112] He maintains that under state statute[113] the repeat violent offender specification finding must be made by the trial court.

Hopkins argued to the state appeals court that under the rule established in *Apprendi v. New Jersey*,[114] and as applied in Ohio in *State v. Smith*,[115] determining whether a defendant had a prior conviction should be a question reserved to the trial court and withheld from the jury to avoid prejudice.[116]

The Ohio appeals court rejected this argument as a misreading of *Smith*, and by extension, of *Apprendi*. As the appellate court noted, the issue in both *Smith* (and *Apprendi*) was whether the Sixth Amendment required a jury to make the repeat violent offender

---

[112] ECF # 12 at 4.

[113] Ohio Rev. Code § 2941.149.

[114] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[115] *State v. Smith*, 2009 WL 3359432 (Ohio Ct. App. Oct. 19, 2009).

[116] *See*, ECF # 12 at 4-5.

-17-

finding because it was then to be used to enhance the sentence – which is the opposite question to the one presented here. The court concluded that Ohio law did not prohibit a jury from making the finding that a defendant was a repeat violent offender.[117]

As the State observes, the Ohio court here resolved this issue as a matter of state law, and the federal habeas court must accept a state court's ruling on state law.[118] Further, the State contends that to the extent that any federal constitutional issue was subsumed within Hopkins's state law argument, it must be assumed that the federal issue was considered by the state court and rejected.[119] In that regard, as noted above, even if the state court decision is not developed in its analysis of any federal issue, its final decision is still entitled to AEDPA deference.

Here, as clearly as it can be understood, Hopkins is attempting to craft a fair trial argument that the trial court's failure to follow state law in this case deprived him of a federally protected constitutional right by permitting the jury to consider prejudicial facts, such as prior convictions. In that regard, it has been long-recognized that a mere violation of state statute does not of itself state a claim for federal habeas relief.[120] Further, although a claimed violation of state law may be the basis for a federal habeas claim of denial of due process, to be analyzed on whether the defendant was denied some right recognized by the

---

[117] ECF # 9, Attachment at 667-68.

[118] ECF # 9 at 18-19.

[119] ECF # 9 at 19-20 (citing *Johnson v. Williams*, 133 S. Ct. 1088, 1095 (2013).

[120] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Fourteenth Amendment,[121] Hopkins's argument rests on no violation of state law and asserts, without authority, that the Fourteenth Amendment somehow bars a jury from doing exactly what the Sixth Amendment requires it to do. In addition, insofar as the issue presented to the state court implicated, *Apprendi* and the Sixth Amendment right to have issues concerning sentence enhancement tried to a jury, the Ohio court decision was not an unreasonable application of that clearly established federal law.

Accordingly, Ground One should be denied on the merits after AEDPA review.

## Conclusion

For the foregoing reasons, I recommend that the petition of Maurice Hopkins for a writ of habeas corpus be dismissed in part and denied in part as outlined above.


Dated:  December 31, 2013                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[121] *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974)).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[122]

---

[122] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).