UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Maurice Hopkins, | ) | CASE NO. 3:12CV1950 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Edward Sheldon, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Maurice Hopkins, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 13) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Hopkins' objections. The objections lack merit.

Hopkins' sole substantive objection claims error in the R&R's conclusion that the state court was not unreasonable when it submitted his repeat violent offender specification to the jury. Within his *pro se* argument, Hopkins repeatedly misstates the holding of *Apprendi* to support his claim. Hopkins contends that *Apprendi* establishes a prohibition on juries being informed of prior convictions. Instead, *Apprendi* **allows** a judge to rely upon a prior conviction

1

at sentencing without requiring a jury to find such a fact.  Nothing within the Constitution prohibits a jury from making such a finding, and juries are routinely required to make such findings in felon in possession cases where defendants decline to stipulate to their prior convictions.  As Hopkins' entire argument is based upon his flawed reading of *Apprendi*, his objection is overruled.

Furthermore, Hopkins appears to mention in passing that the R&R was somehow incorrect in finding that he procedurally defaulted his remaining grounds for relief.  In so arguing, Hopkins does not attempt to identify any legal error in the law or analysis of the R&R.  Accordingly, he has failed to demonstrate error therein.

Hopkins' objections are overruled.  The R&R is adopted, and the petition is hereby DENIED AND DISMISSED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  There is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

August 26, 2014                             */s/ John R. Adams*
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT